**Joseph LOBAITO, JR., Plaintiff–
Appellant,**

v.

**FINANCIAL INDUSTRY REGULATO-
RY AUTHORITY, INC., FINRA,
Defendant–Appellee.**

**No. 14–3641–cv.**

United States Court of Appeals,
Second Circuit.

April 22, 2015.

Joseph Lobaito, Jr., Staten Island, NY, pro se.

---

Suzanne Elizabeth Duddy, Financial Industry Regulatory Authority, Inc. (FINRA), Washington, D.C., for Appellee.

PRESENT: WALKER, REENA RAGGI, CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Appellant Joseph Lobaito, Jr., *pro se*, appeals from the dismissal of his action under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, against the Financial Industry Regulatory Authority, Inc. ("FINRA") for the alleged violation of its own rules and regulations in allowing a comment by his former employer to remain on his licenses without substantiation. *See* Fed.R.Civ.P. 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon *de novo* review, *see State Emps. Bargaining Agent Coal. v. Rowland,* 494 F.3d 71, 82 (2d Cir.2007), we conclude, largely for the reasons stated by the magistrate judge in his thorough and well-reasoned Report and Recommendation, that dismissal was warranted in this case because FINRA has absolute immunity with respect to actions taken in furtherance of its regulatory duties, *see Standard Inv. Chartered, Inc. v. NASD,* 637 F.3d 112, 115 (2d Cir.2011) ("There is no question that an SRO and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities."); *see also Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.,* 661 F.3d 164, 172 (2d Cir. 2011) (explaining that FINRA is successor to NASD and is SRO). Although Lobaito asks us to modify this rule, we are "bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court." *Johnson v. United States,* 779 F.3d 125, 128 (2d Cir.2015) (internal quotation marks omitted). As a result, Lobaito's damages claim fails. Moreover, to the extent Lobaito sought non-monetary relief, he has waived any such claim. *See* Appellant's Br. 6 ("Lobaito is not asking for expungement of comments but for monetary damages as a result of lost revenue due to FINRA's actions."). Because absolute immunity resolves all of the live issues in this case, we need not address whether the Exchange Act allows for a private right of action against FINRA or whether Lobaito's claims were barred by issue preclusion.

We have considered all of Lobaito's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.